**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

PATRICK ANDREWS, individually and on behalf of all others similarly situated,

*Plaintiff*,

vs.

GOLDFISH MEDICAL STAFFING, LLC.,

*Defendant*.
_______________________________________/

**CLASS ACTION**

**Case No.**

**JURY TRIAL DEMANDED**

# CLASS ACTION COMPLAINT

1. Plaintiff, Patrick Andrews ("Plaintiff"), brings this action against Defendant, Goldfish Medical Staffing, LLC ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Texas Business and Commerce Code § 302.101 ("TBCC").

## NATURE OF THE ACTION

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (the "TCPA") and the Texas Business and Commerce Code § 302.101 (the "TBCC").

3. This case arises from Defendant's transmission of multiple unauthorized telephone calls and/or text messages to cellular telephones and violations of the National Do Not Call Registry of Plaintiff and others, without regard to consumers' consent or privacy rights.

4. Defendant is a medical staffing company engaged in the sale and marketing of healthcare staffing services to consumers and healthcare professionals throughout the United States, including the State of Texas.

5. To promote its services, Defendant engages in aggressive unsolicited telemarketing, harming thousands of consumers in the process. Defendant utilizes aggressive marketing to push its products and services without regard to consumers' rights under the TCPA and TBCC.

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

7. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. This Court also has supplemental jurisdiction over Plaintiff's Texas state law claims under 28 U.S.C. § 1367. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

8. Venue is proper in the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant maintains its principal place of business within this district, Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services from

within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred from within the Eastern District of Texas and, on information and belief, Defendant has sent the same telemarketing calls and/or text messages complained of by Plaintiff to other individuals from within this judicial district, such that some of Defendant's acts in making such calls have occurred from within this district, subjecting Defendant to jurisdiction in the Eastern District of Texas.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

9. In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers en masse. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

10. The TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).

11. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

12. Under the TCPA, a text message is a "call." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951–52 (9th Cir. 2009).

**TEXAS BUSINESS AND COMMERCE CODE CHAPTER 302**

13. The Texas Business and Commerce Code requires sellers to obtain a registration certificate from the Secretary of State in order to make telephone solicitations inside the State of Texas or to residents located in the State of Texas. Tex. Bus. & Com. Code § 302.101.

14. "'Telephone solicitation' means "a call or other transmission, including a transmission of a text or graphic message or of an image, initiated by a seller or salesperson to induce a person to purchase, rent, claim, or receive an item. The term includes a telephone call a purchaser makes in response to a solicitation sent by mail or made by any other means." Tex. Bus. & Com. Code § 302.001(7).

15. A "seller" is defined as "a person who makes a telephone solicitation on the person's own behalf." Tex. Bus. & Com. Code § 302.001(5).

16. Plaintiff is entitled to seek damages for violations of Texas Business and Commerce Code § 302.101 of up to $5,000 per violation, reasonable costs of prosecuting the action, court costs, investigation costs, deposition expenses, witness fees, and attorney's fees. Tex. Bus. & Com. Code § 302.302.

## PARTIES

17. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Broward County, Florida.

18. Plaintiff is, and at all times relevant hereto was, an individual and the sole subscriber of the residential telephone number ending in 8089 (the "8089 Number") that received Defendant's telemarketing calls and text message solicitations.

19. Defendant is a Texas limited liability company with its principal place of business located at 6865 Windcrest Dr., Suite 300, Plano, TX 75024.

20. Defendant directs, markets, and provides its business activities throughout the United States, including the States of Texas.

21. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTUAL ALLEGATIONS

22. Defendant is a medical staffing company engaged in the sale and marketing of healthcare staffing services to consumers and healthcare professionals throughout the United States, including the State of Texas.

23. Beginning at least on or about October 2021, Defendant sent or caused to be sent multiple telemarketing calls and text messages to Plaintiff's 8089 Number from Defendant's telephone numbers, including (469) 304-4342, (469) 480-1995, (469) 564-4902, (469) 523-1037, (469) 946-8318, (866) 675-8188, (469) 421-8884, (469) 960-4710, (469) 956-6824, (469) 723-9433, (469) 689-1315, and (469) 960-4633, the text messages sent by Defendant were intended for a third party identified as "Amanda," with whom Plaintiff has no relationship.

24. Defendant initiated its telemarketing campaign by sending text messages to Plaintiff on October 26, 2021, from its (866) 675-8188 telephone number, as shown below:




25. Nearly two years later, on September 7, 2023, Defendant resumed its contact using a different telephone number, (469) 960-4633, as shown below:




26. Defendant then shifted to yet another telephone number, (469) 956-6824, to send a telemarketing text message on January 3, 2024, as shown below:




27. Continuing its pattern of rotating phone numbers, Defendant sent another text message on January 24, 2024, this time from (469) 723-9433, as shown below:




28. Defendant persisted with its unsolicited outreach on May 16, 2024, utilizing yet another number, (469) 946-8318, as shown below:




29. On August 21, 2024, Defendant contacted Plaintiff again, this time from (469) 960-4710, as shown below:




30. The following year, on January 21, 2025, Defendant employed a seventh distinct telephone number, (469) 523-1037, to contact Plaintiff, as shown below:




31. Defendant returned to a previously used number, (469) 946-8318, on April 29, 2025, as shown below:




32. A week later, on May 6, 2025, Defendant reverted to (469) 723-9433 to send another solicitation, as shown below:




33. Defendant introduced another telephone number into its campaign, (469) 689-1315, sending text messages on May 30, 2025, and June 13, 2025, as shown below:




34. On June 19, 2025, Defendant cycled back to (469) 956-6824 to send another solicitation, as shown below:




35. Defendant continued its campaign on July 22, 2025, again using (469) 523-1037, as shown below:




36. On September 11, 2025, Defendant introduced yet another number into its rotation, (469) 421-8884, as shown below:




37. Defendant added another telephone number to its arsenal on October 6, 2025, contacting Plaintiff from (469) 480-1995, as shown below:




38. As part of its telemarketing efforts, Defendant sent a telemarketing text message to Plaintiff on or about November 10, 2025, from its (469) 960-4710 telephone number, as shown below:




39. Defendant introduced yet another telephone number, (469) 564-4902, on December 15, 2025, as shown below:




40. In 2026, Defendant escalated its efforts by placing a telephone call to Plaintiff on January 7, 2026, from (469) 304-4396, as shown below:




41. Defendant persisted on January 16, 2026, sending another text message from (469) 564-4902, as shown below:




42. On January 29, 2026, Defendant again used (469) 723-9433 to contact Plaintiff, as shown below:




43. Defendant continued its barrage of communications on March 20, 2026, from (469) 564-4902, as shown below:




44. Most recently, on April 29, 2026, Defendant contacted Plaintiff by both call and text message from (469) 304-4342, as shown below:




45. In sum, over a period spanning approximately four and a half years—from October 2021 through April 2026—Defendant utilized at least twelve distinct telephone numbers to send more than twenty-one unsolicited telemarketing communications to Plaintiff's cellular telephone. This persistent campaign demonstrates a deliberate pattern of contacting Plaintiff through multiple

phone numbers, apparently in an effort to evade detection and continue its unwanted solicitations despite receiving no response.

46. Defendant's calls and text messages were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

47. Defendant's text messages and call constitute telemarketing because they encouraged the future purchase or investment in Defendant's property, goods, or services, i.e., Defendant's medical staffing services.

48. The information contained in the communications advertises Defendant's various services and promotions, which Defendant sends to promote its business.

49. Defendant sent the subject communications from within this judicial district and, therefore, Defendant's violation of the TCPA occurred from within this district. Upon information and belief, Defendant caused other communications to be sent to individuals residing within this judicial district.

50. Defendant's calls and texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

51. Plaintiff has no existing business relationship with Defendant.

52. At no point in time did Plaintiff provide Defendant with his express written consent to be contacted.

53. Specifically, Plaintiff never completed any type of form that clearly and conspicuously authorized Defendant to contact Plaintiff's residential cellular telephone with marketing communications.

54. Plaintiff is the subscriber and sole user of the 8089 Number and is financially responsible for it.

55. Plaintiff's 8089 Number is his residential telephone number used for personal purposes. Plaintiff's 8089 Number is his primary way of being contacted in his home.

56. Plaintiff registered his 8089 Number with the National Do-Not-Call Registry on November 30, 2004, and has been registered at all times relevant to this action.

57. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

58. The text messages and calls originated from the telephone numbers (469) 304-4342, (469) 480-1995, (469) 564-4902, (469) 523-1037, (469) 946-8318, (866) 675-8188, (469) 421-8884, (469) 960-4710, (469) 956-6824, (469) 723-9433, (469) 689-1315, and (469) 960-4633, numbers which upon information and belief are owned and operated by Defendant or on behalf of Defendant.

59. On information and belief, Defendant sought a financial benefit from the telemarketing communications it placed to Plaintiff and the putative class members, as it attempted to derive business from these communications.

60. Defendant's unsolicited communications caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's calls and/or text messages also inconvenienced Plaintiff and caused disruption to his daily life.

**TEXAS TELEPHONE SOLICITATION REGISTRATION VIOLATIONS**

61. On July 20, 2026, Plaintiff's counsel searched the Texas Secretary of State website at https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp and found no telephone solicitation registration for Defendant.

62. Defendant has never been registered to telephone solicit in Texas or to Texas residents.

63. Each text message alleged herein was sent without a valid Texas telephone solicitation registration.

64. Defendant does not qualify for an exemption to the Texas telephone solicitation registration requirement.

## CLASS ALLEGATIONS

### PROPOSED CLASS

65. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

66. Plaintiff brings this case on behalf of the "Classes" defined as follows:

> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a telephone call and/or text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of promoting Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.**

> **Texas Telephone Solicitation Registration Class: All persons in the United States who, from four years prior to the filing of this action, (1) received a telephone solicitation, as defined by Tex. Bus. & Com. Code § 302.001(7), made from a location in Texas or by or on behalf of a seller whose business location was in Texas; (2) for the purpose of selling Defendant's products and services; and (3) at a time when**

**Defendant did not hold a valid telephone solicitation registration certificate issued by the Texas Secretary of State pursuant to Tex. Bus. & Com. Code § 302.101.**

67. Defendant and its employees or agents are excluded from the classes. Plaintiff does not know the number of members in each class but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

68. Upon information and belief, Defendant has placed violative communications to cellular telephone numbers belonging to thousands of consumers throughout the United States who are registered on the Do Not Call Registry. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

69. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call and text message records.

**COMMON QUESTIONS OF LAW AND FACT**

70. There are numerous questions of law and fact common to the classes which predominate over any questions affecting only individual members of the classes. Among the questions of law and fact common to the class are:

a) Whether Defendant violated 47 C.F.R. § 64.1200(c);

b) Whether Defendant violated the TBCC;

c) Whether Defendant was registered to make telephone solicitations in Texas pursuant to Tex. Bus. & Com. Code § 302.101

d) Whether Defendant's conduct was knowing and willful;

e) Whether Defendant violated the privacy rights of Plaintiff and members of the class;

f) Whether Defendant is liable for damages, and the amount of such damages; and

g) Whether Defendant should be enjoined from such conduct in the future.

71. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telemarketing communications to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

72. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

73. Plaintiff is a representative who will fully and adequately assert and protect the interests of the classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the classes.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

74. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the class are in the millions of dollars, the individual damages incurred by each member of the class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

75. The prosecution of separate actions by members of the classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For

example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the class, although certain class members are not parties to such actions.

**COUNT I**
**<u>Violation of the TCPA, 47 U.S.C. § 227</u>**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

76. Plaintiff repeats and re-alleges paragraphs 1 through 75 of this Complaint and incorporates them by reference herein.

77. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

78. 47 C.F.R. § 64.1200(e) provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

79. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

80. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003). Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

81. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

82. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

83. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**COUNT II**
**Violation of the TBCC § 302.101**
**(On Behalf of Plaintiff and the Texas Telephone Solicitation Registration Class)**

84. Plaintiff repeats and re-alleges paragraphs 1 through 75 of this Complaint and incorporates them by reference herein.

85. The Texas Business and Commerce Code requires sellers to obtain a registration certificate from the Secretary of State in order to make telephone solicitations inside the State of Texas or to residents located in the State of Texas. Tex. Bus. & Com. Code § 302.101.

86. "'Telephone solicitation' means "a call or other transmission, including a transmission of a text or graphic message or of an image, initiated by a seller or salesperson to induce a person to purchase, rent, claim, or receive an item. The term includes a telephone call a purchaser makes in response to a solicitation sent by mail or made by any other means." Tex. Bus. & Com. Code § 302.001(7).

87. Defendant is a "seller" as defined under Tex. Bus. & Com. Code § 302.001(5), as it made telephone solicitations on its own behalf.

88. Defendant has never held a valid telephone solicitation registration certificate from the Texas Secretary of State.

89. The foregoing acts and omissions of Defendant and/or its affiliates or agents constitute multiple violations of Tex. Bus. & Com. Code § 302.101, by making unregistered telephone solicitations to Plaintiff's and the Texas Telephone Solicitation Registration Class's cellular telephone numbers without a valid registration certificate.

90. Plaintiff and the Texas Telephone Solicitation Registration Class are entitled to an award of up to $5,000 in damages for each such knowing or willful violation. Tex. Bus. & Com. Code § 302.302(a).

91. Plaintiff and the Texas Telephone Solicitation Registration Class are entitled to an award of all reasonable costs of prosecuting the action, including court costs, investigation costs, deposition expenses, witness fees, and attorney's fees. Tex. Bus. & Com. Code § 302.302(d).

**COUNT III**
**Knowing and/or Willful Violations of the TCPA**
**(On Behalf of Plaintiff and the Class)**

92. Plaintiff re-alleges and incorporates paragraphs 1 through 75 as if fully set forth herein.

93. At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

94. Defendant knew that it did not have prior express consent to transmit telemarketing calls and/or text messages and knew or should have known that its conduct was a violation of the TCPA.

95. Defendant knew or should have known that Plaintiff's number was on the National Do Not Call Registry and that sending calls and/or text messages to such numbers violated federal regulations.

96. Because Defendant knew or should have known that Plaintiff and Class Members had not given prior express consent to receive its telemarketing calls and/or text messages and that their numbers were on the National Do Not Call Registry, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative class pursuant to § 227(c)(5) of the TCPA.

97. As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the class as defined above, and appointing Plaintiff as the representative of the class and Plaintiff's counsel as Class Counsel;

b) A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

c) An injunction requiring Defendant to cease all telemarketing calls and text message solicitations to numbers on the Do Not Call Registry, to cease making telephone solicitations in Texas without a valid registration certificate, and to otherwise protect the interests of the class;

d) An award of actual and statutory damages under the TCPA and TBCC for Plaintiff and each member of the Class;

e) An award of statutory damages under Tex. Bus. & Com. Code § 302.101 et seq. for Plaintiff and each member of the Texas Telephone Solicitation Registration Class;

f) Such further and other relief as the Court deems necessary.

**JURY DEMAND**

Plaintiff and Class Members hereby demand a trial by jury.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: July 23, 2026

Respectfully submitted,

**Shamis & Gentile, P.A.**
*/s/ Christopher Berman*
Christopher Berman, Esq.
cberman@shamisgentile.com

14 NE 1st Avenue, Suite 705
Miami, FL 33132
Telephone: 305-479-2299

*Counsel for Plaintiff and the Classes*